UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

FILED
U.S. DISTRICT COURT
INDIANAPOLIS INDIANA
2013 AUG 29 PM 4:03
SOUTHERN DISTRICT
OF INDIANA
LAURA A. BRIGGS

CHAD DENNEY and MARY DENNEY, )
)
    Plaintiffs, )
)
vs. ) CASE NO. _____
)
LARRY DENNEY, JERRY DENNEY, ) **1:13-cv-1380 SEB-MJD**
SHIRLEY REPLOGLE, ROGER C. )
SCOTT, BART PITUALA, DEREK )
COLE, KAREN VIZZOLINI, KELLY )
BODETTE, CLINICAL CHEMISTRY )
SPECIALISTS CORP. d/b/a IR )
CLINICAL and IR NOVA INC., )
)
    Defendants. )
_____)

## COMPLAINT FOR DAMAGES

The Plaintiffs, Chad Denney ("Chad") and Mary Denney ("Mary"), by counsel, Mario Garcia and Christopher H. Weintraut, for their cause of action against the Defendants, Larry Denney ("Larry"), Jerry Denney ("Jerry"), Shirley Replogle ("Shirley"), Roger C. Scott, Bart Pituala, Derek Cole, Karen Vizzolini, Kelly Bodette, Clinical Chemistry Specialists Corp. d/b/a IR Clinical ("Clinical") and IR Nova Inc. ("Nova"), state:

### Parties, Jurisdiction and Venue

1. Chad is a citizen of the State of Indiana and resides in Marion County, State of Indiana.

2. Mary is a citizen of the State of Indiana and resides in Marion County, State of Indiana.

3. On information and belief, Larry lives at 12871 Compton Road, Loxahatchee, Florida 33470.

4. On information and belief, Jerry lives at 75 Williamston Ridge Road, Youngsville, North Carolina 27596.

5. On information and belief, Shirley lives at 75 Williamston Ridge Road, Youngsville, North Carolina 27596.

6. On information and belief, Roger Scott lives at 8205 Cedar Falls Drive, Wake Forest, North Carolina 27587.

7. On information and belief, Bart Pituala lives at 85 Beaver Ridge Road, Youngsville, North Carolina 27596.

8. On information and belief, Derek Cole lives at 2887 Micro Road West, Selma, North Carolina 27576.

9. On information and belief, Karen Vizzolini lives at 1411 Trousdale Ferry Pike, Lebanon, Tennessee 37087.

10. On information and belief, Kelly Bodette lives at 12709 Shepards Landing Drive, Wake Forest, Noth Carolina 27587.

11. Clinical is a corporation incorporated under the laws of the State of Florida and with a principal place of business at 6901 Okeechobee Boulevard, Building D5L3, West Palm Beach, Florida 33411.

12. Larry is the registered agent of Clinical and has a listed address of 6901 Okeechobee Boulevard, Building D5L3, West Palm Beach, Florida 33411.

13. Nova is a corporation incorporated under the laws of the State of North Carolina and with a principal place of business at 90 Mosswood Boulevard, Suite 300, Youngsville, North Carolina 27596.

14. Roger Scott is the registered agent for Nova and has a listed address of 90 Mosswood Boulevard, Suite 300, Youngsville, North Carolina 27596.

15. On information and belief, Nova is a successor corporation of Clinical and/or is its alter ego.

16. Pursuant to 28 U.S.C. §1331, this Court has jurisdiction over this matter because Chad and Mary's claims arise under §12 of the Securities Act of 1933, codified at 15 U.S.C. §77l.

17. Venue is proper pursuant to 28 U.S.C. §1391 because a substantial part of the events giving rise to the claim occurred in the Southern District of Indiana.

18. Larry and Jerry are both paternal uncles of Chad and brothers-in-law to Mary.

19. Larry is also an incorporator and officer of Clinical.

20. Jerry is also an incorporator and officer of Nova.

21. Shirley is the girlfriend of Jerry and an incorporator of Nova.

22. Roger Scott is an incorporator and officer of Nova.

23. Bart Pituala was an officer of Clinical and is an incorporator of Nova.

24. Derek Cole is an incorporator of Nova.

25. Karen Vizzolini is an incorporator of Nova.

26. Kelly Bodette is an incorporator of Nova.

### General Allegations

27. In early March 2013, Larry sent notice of an initial offering for Clinical to Chad in the mail dated March 1, 2013.

28. Over the next few weeks, several conversations were had between Chad, Larry and Jerry concerning the validity and vitality of the potential investment in Clinical.

29. On March 23, 2013, while at Chad's house, Larry and Jerry were asked what would happen to their investment if the initial offering was cancelled or was unsuccessful. In response, Larry told Chad and Mary "then the money [their investment] would be returned" and that their investment funds would not be spent until all of the assets offered as part of the initial offering were liquidated.

30. During the March 23 meeting, Chad wrote a check for $25,000.00 and Mary wrote a check for $30,000.00 to Clinical in return for an interest in Clincal.

31. On March 26, 2013, those two checks were cashed and deposited.

32. On April 1, 2013, Chad received phone calls from both Larry and Jerry informing him that the offering was being canceled and that the investment Chad and Mary made would be returned.

33. Larry stated in the phone conversation that he would "need to sell the boat and car because some of the money [had] already been spent" on several things, including credit card debt.

34. When asked why Chad and Mary's investment funds were spent even though the initial offering was cancelled, Larry declined to provide a satisfactory explanation.

35. On April 6, 2013, Jerry and Shirley went to Chad's home and told him they were moving forward with another investment opportunity, this one with Nova, and openly solicited more investment funds with the understanding that with an additional investment of $20,000.00 (which was to be added to his previous investment made in Clinical), Chad would own ten percent (10%) of Nova.

36. Chad then wrote a check for $20,000.00 to Nova.

37. On April 8, 2013, Larry sent Chad and Mary each a money order for $10,000.00. An enclosed note stated that there was an outstanding balance of $35,000.00 owed to Chad and Mary, which would be refunded either personally or by Clinical.

38. On April 10, 2013, the check for $20,000.00 written by Chad to Nova was cashed.

39. On May 2, 2013, Chad received an email from Larry informing him of fraudulent activity on the part of Jerry and others involved in Clinical and Nova. In that email, Larry informed Chad

that Clinical was essentially insolvent and that the assets were tied up by Jerry and, at that time, inaccessible.

40. On May 6, 2013, Chad emailed Larry asking for clarification concerning reimbursement funds and voiced frustration with the lies Chad and Mary had been told by Larry, Jerry and Shirley.

41. On May 7, 2013, Larry responded to Chad's email and told him that there was an investigation as to whether Clinical's assets could be liquidated and reassured Chad that Larry's boat and car would be sold if necessary.

42. On June 14, 2013, Chad sent Larry and Jerry an email telling them that if the outstanding investment monies were not refunded ($35,000.00), he and Mary would be seeking legal advice and were prepared to sue.

43. Of the $75,000.00 obtained from Chad and Mary, only $20,000.00 has been refunded, leaving an outstanding balance of $35,000.00 to Chad and $20,000 to Mary.

44. At the time of transfer of the funds, Larry, Jerry and Shirley took advantage of Chad and Mary for their personal gain.

45. On information and belief, Larry, Jerry and Shirley have retained and diverted Chad and Mary's money for their own use.

46. On information and belief, Clinical and Nova have been unjustly enriched by receiving and utilizing funds paid by Chad and Mary without being entitled to such funds.

47. On information and belief, Defendants ignored the corporate form, controlled, and/or manipulated Clinical and Nova so that they were instrumentalities in their attempts to mislead and deceive investors.

48. As a result of their conduct, the corporate form should be set aside, and Defendants Larry, Jerry, Shirley, Roger, Bart, Derek, Karen and Kelly should be personally liable to Chad and Mary for any damages.

## Count I

### Sale of Unregistered Securities in Violation of Federal Law

49. The Plaintiffs reallege and incorporate paragraphs 1 through 48 of their Complaint as if fully set forth herein.

50. The Securities Act, 15 U.S.C. §77l(a)(1), provides that a person who offers or sells a security in violation of Section 5 of the Act is liable in a civil action to the purchaser.

51. Section 5 of the Act prohibits transactions where the securities are offered and sold without registration. In this instance, the securities offered were not properly exempted from the Act's registration requirements and an oral or written offer was made to a purchaser without a registration statement being filed.

52. The interest in Clinical offered to Chad and Mary by Larry and Jerry constitutes a "security" under the Act.

7

53. The securities sold by Jerry and Larry failed to meet the requirement of 15 U.S.C. §77e, in that they were not registered and were not exempt from registration.

54. The individual Defendants Larry, Jerry, Shirley, Roger, Bart, Derek, Karen and Kelly should have known the securities being offered were unrecognized and were not exempt from registration.

WHEREFORE, the Plaintiffs, Chad Denney and Mary Denney, by counsel, Mario Garcia, pray this Court to enter a judgment against the Defendants, Larry, Jerry, Bart, Clinical and Nova, jointly and severally, in an amount which will compensate Plaintiffs for their damages, for the costs of this action, for prejudgment and post judgment interest, for reasonable attorney's fees, and for all other just and proper relief.

Count II

Sale of Unregistered Securities in Violation of Federal Law

55. The Plaintiffs reallege and incorporate paragraphs 1 through 54 of their Complaint as if fully set forth herein.

56. The Securities Act, 15 U.S.C. § 77l(a)(1), provides that a person who offers or sells a security in violation of Section 5 of the Act is liable in a civil action to the purchaser.

57. Section 5 of the Act prohibits transactions where the securities are offered and sold without registration. In this instance, the securities offered were not properly exempted from the Act's registration requirements and an oral or written offer

was made to a purchaser without a registration statement being filed.

58. The interest in Nova Offered to Chad by Jerry and Shirley constitutes a "security" under the Act.

59. The securities sold by Jerry and Shirley failed to meet the requirement of 15 U.S.C. §77e, in that they were not registered and were not exempt from registration.

60. The individual Defendants Larry, Jerry, Shirley, Roger, Bart, Derek, Karen and Kelly should have known the securities being offered were unrecognized and were not exempt from registration.

WHEREFORE, the Plaintiffs, Chad Denney and Mary Denney, by counsel, Mario Garcia, pray this Court to enter a judgment against all the Defendants, jointly and severally, in an amount which will compensate Plaintiffs for their damages, for the costs of this action, for prejudgment and post judgment interest, for reasonable attorney's fees, and for all other just and proper relief.

<u>Count III</u>

<u>Offer to Sell a Security by Means of Oral Communication
Which Includes an Untrue Statement of Material Fact
in Violation of Federal Law</u>

61. The Plaintiffs reallege and incorporate paragraphs 1 through 60 of their Complaint as if fully set forth herein.

62. Jerry and Larry made untrue statements of material fact regarding the interest in Clinical offered to Chad and Mary at the meeting between Jerry, Larry, Mary and Chad on March 23, 2013.

63. In particular, Larry and Jerry told Chad and Mary that if the $500,000 in Clinical's assets could not be sold during the initial offering, Chad and Mary's money would be returned to them.

64. Further, Chad and Mary were told that their money would not be spent until the $500,000 in assets were sold.

65. These statements constitute untrue statements of material fact as Chad and Mary have not received their money back even though the initial offering was cancelled, and their money was spent prior to the $500,000 is assets being sold.

66. The untrue statements of material fact were made as part of an offer by Larry and Jerry to sell Chad and Mary a security, and constitutes a violation of 15 U.S.C. §77l(a)(2).

67. The individual Defendants Larry, Jerry, Shirley, Roger, Bart, Derek, Karen and Kelly should have known the securities being offered were unrecognized and were not exempt from registration.

WHEREFORE, the Plaintiffs, Chad Denney and Mary Denney, by counsel, Mario Garcia, pray this Court to enter a judgment against the Defendants, Larry, Jerry, Bart, Clinical and Nova jointly and severally, in an amount which will compensate Plaintiffs for their damages, for the costs of this action, treble damages, for prejudgment and post judgment interest, for reasonable attorney's fees, and for all other just and proper relief.

<u>Count IV</u>

<u>Offer to Sell a Security by Means of Oral Communication
Which Includes an Untrue Statement of Material Fact
in Violation of Federal Law</u>

68. The Plaintiffs reallege and incorporate paragraphs 1 through 67 of their Complaint as if fully set forth herein.

69. Jerry and Shirley made untrue statements of material fact regarding the interest in Nova offered to Chad at the meeting between Jerry, Shirley and Chad on April 6, 2013.

70. In particular, Jerry and Shirley told Chad that if he invested an additional $20,000 in Nova (which was to be combined with his previous investment in Clinical, he would own a 10% interest in the company.

71. This statement constitutes an untrue statement of material fact as Chad has not received any acknowledgment of his ownership interest in Nova.

72. The untrue statement of material fact was made as part of an offer by Jerry and Shirley to sell Chad a security, and constitutes a violation of 15 U.S.C. §77l(a)(2).

73. The individual Defendants Larry, Jerry, Shirley, Roger, Bart, Derek, Karen and Kelly should have known the securities being offered were unrecognized and were not exempt from registration.

WHEREFORE, the Plaintiffs, Chad Denney and Mary Denney, by counsel, Mario Garcia, pray this Court to enter a judgment against all the Defendants, jointly and severally, in an amount which will

compensate Plaintiffs for their damages, for the costs of this action, treble damages, for prejudgment and post judgment interest, for reasonable attorney's fees, and for all other just and proper relief.

### Count V

#### Sale of Unregistered Securities in Violation of Indiana State Law

74. The Plaintiffs reallege and incorporate paragraphs 1 through 73 of their Complaint as if fully set forth herein.

75. Indiana Code §23-19-4-1 provides that it is unlawful for a person to transact business as a broker-dealer unless that person is registered as a broker-dealer or exempt from registration.

76. Indiana Code §23-19-3-1 provides that it is unlawful for a person to offer or sell any security in Indiana unless it is registered.

77. A broker-dealer is any person engaged in the business of effecting transactions in securities for the account of others or his or her own account. Ind. Code §23-19-1-2(3).

78. The misrepresentations and omissions as to the value of Clinical, Nova, and the companies' associated stock made by Jerry, Larry and Shirley constitute Securities Fraud in violation of the anti-fraud provisions of the Indiana Uniform Securities Act, codified at Ind. Code §23-19-5-1 and §23-19-5-9.

79. The individual Defendants Larry, Jerry, Shirley, Roger, Bart, Derek, Karen and Kelly should have known the securities being offered were unrecognized and were not exempt from registration.

WHEREFORE, the Plaintiffs, Chad Denney and Mary Denney, by counsel, Mario Garcia, pray this Court to enter a judgment against all the Defendants, jointly and severally, in an amount which will compensate Plaintiffs for their damages, for the costs of this action, for prejudgment and post judgment interest, for reasonable attorney's fees, and for all other just and proper relief.

### Count VI

#### Acting as an Investment Advisor
#### Violation of Indiana State Law

80. The Plaintiffs reallege and incorporate paragraphs 1 through 79 of their Complaint as if fully set forth herein.

81. Indiana Code §23-19-4-4 provides that it is unlawful for a person to transact business as an investment adviser unless the individual is registered as an investment adviser or is exempt from registration.

82. Indiana Code §23-19-4-4 defines an "investment adviser" as a person who, for compensation, engages in the business of advising others as to the value of securities or advisability of investing, purchasing, or selling securities.

83. Jerry, Larry and Shirley all advised the Plaintiff as to the value of securities and the advisability of investing in said securities.

84. Neither Jerry, Larry nor Shirley are registered investment advisers nor are they exempt from registration.

85. The Plaintiffs, Chad Denney and Mary Denney, pursuant to Ind. Code §23-19-5-9(c), are entitled to recover the consideration paid for the securities in addition to interest and reasonable attorney's fees against Larry, Jerry and Shirley jointly and severally.

WHEREFORE, the Plaintiffs, Chad Denney and Mary Denney, by counsel, Mario Garcia, pray this Court to enter a judgment against all the Defendants, jointly and severally, in an amount which will compensate Plaintiffs for their damages, for the costs of this action, for prejudgment and post judgment interest, for reasonable attorney's fees, and for all other just and proper relief.

### Count VII

### Theft

86. The Plaintiffs reallege and incorporate paragraphs 1 through 85 of their Complaint as if fully set forth herein.

87. Larry, Jerry, and Shirley exerted unauthorized control over the money Chad had provided to them for the purposes of obtaining an ownership interest in Clinical and Nova by spending the money in a manner that was unauthorized by Chad and Mary, and by retaining Chad and Mary's money when it should have been returned to them.

14

88. Larry, Jerry and Shirley committed the acts referenced in paragraph 78 *supra* with the intent to deprive Chad and Mary of the use and value of their money.

89. Clinical and Nova knew or should have known that the acts committed by Larry, Jerry and Shirley were unlawful, and improperly benefitted from the receipts of these proceeds.

90. Chad and Mary are entitled to treble damages pursuant to Ind. Code §34-4-30-1.

WHEREFORE, the Plaintiffs, Chad Denney and Mary Denney, by counsel, Mario Garcia, pray this Court to enter a judgment against all the Defendants, jointly and severally, in an amount which will compensate Plaintiffs for their damages, for the costs of this action, treble damages, for prejudgment and post judgment interest, for reasonable attorney's fees, and for all other just and proper relief.

### Count VIII

### Conversion

91. The Plaintiffs reallege and incorporate paragraphs 1 through 90 of their Complaint as if fully set forth herein.

92. Larry, Jerry, and Shirley exerted unauthorized control over the money Chad and Mary had provided to them for the purposes of obtaining an ownership interest in Clinical and Nova by spending the money in a manner that was unauthorized by Chad and Mary and by

retaining Chad and Mary's money when it should have been returned to them.

93. Clinical and Nova knew or should have known that the acts committed by Larry, Jerry and Shirley were unlawful, and improperly benefitted from the receipts of these proceeds.

94. Chad and Mary are entitled to treble damages pursuant to Ind. Code §34-4-30-1.

WHEREFORE, the Plaintiffs, Chad Denney and Mary Denney, by counsel, Mario Garcia, pray this Court to enter a judgment against all the Defendants, jointly and severally, in an amount which will compensate Plaintiffs for their damages, for the costs of this action, treble damages, for prejudgment and post judgment interest, for reasonable attorney's fees, and for all other just and proper relief.

### Count IX

#### Treble Damages and Attorney's Fees

95. The Plaintiffs reallege and incorporate paragraphs 1 through 94 of their Complaint as if fully set forth herein.

96. The conduct of the Defendants Larry, Jerry and Shirley constitutes Theft pursuant to Ind. Code §35-43-4-2, and Criminal Conversion pursuant to Ind. Code §35-43-4-3, entitling Plaintiffs to an amount equal to three times their actual damages, costs of this action, and reasonable attorneys fees, all as provided in Ind. Code §34-4-30-1.

97. Clinical and Nova knew or should have known that the acts committed by Larry, Jerry and Shirley were unlawful, and improperly benefitted from the receipts of these proceeds.

WHEREFORE, the Plaintiffs, Chad Denney and Mary Denney, by counsel, Mario Garcia, pray this Court to enter a judgment against all the Defendants, jointly and severally, in an amount which will compensate Plaintiffs for their damages, for the costs of this action, treble damages, for prejudgment and post judgment interest, for reasonable attorney's fees, and for all other just and proper relief.

## Count X
### Unjust Enrichment in Violation of Indiana State Law

98. The Plaintiffs reallege and incorporate paragraphs 1 through 97 of their Complaint as if fully set forth herein.

99. The monies acquired from Chad and Mary were not solicited legally, nor were they used in a manner consistent with the presentations or promises made by Larry, Jerrey and Shirley.

100. Any profit or salary paid to any of the individual Defendants was not derived from "earnings" of Clinical or Nova, but was improperly generated from monies paid by Chad and Mary which should have been returned to them.

101. The retention of even one dollar of these funds by any of the individual Defendants would be unjust.

102. Clinical and Nova knew or should have known that the acts committed by Larry, Jerry and Shirley were unlawful, and improperly benefitted from the receipts of these proceeds.

103. Chad and Mary are entitled to treble damages pursuant to Ind. Code §34-4-30-1.

WHEREFORE, the Plaintiffs, Chad Denney and Mary Denney, by counsel, Mario Garcia, pray this Court to enter a judgment against all the Defendants, jointly and severally, in an amount which will compensate Plaintiffs for their damages, for the costs of this action, treble damages, for prejudgment and post judgment interest, for reasonable attorney's fees, and for all other just and proper relief.

Respectfully submitted,

BRATTAIN & MINNIX

By _____
Mario Garcia, #21638-49
Christopher H. Weintraut, #30906-49
151 N. Delaware St., #760
Indianapolis, Indiana 46204
(317) 231-1750
Attorneys for the Plaintiff

F:\USER\Chris W\Clients\Denny\Complaint 08.29.13.wpd